**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**CHARLES D. AGOOS, NYSB #5227269**
Assistant United States Attorney
Charles.Agoos@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1039
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**DARYN HERZBERG,**

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Case No.: 3:26-cv-00410-JR

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant United States of America, by Scott E. Bradford, United States Attorney for the District of Oregon, through Charles D. Agoos, Assistant United States Attorney, hereby submits its Answer to Plaintiff's Complaint in like-numbered paragraphs. The United States of America denies all allegations not specifically admitted. Section headings are included solely for organizational convenience and do not constitute admissions. The United States of America admits, denies, and alleges as follows:

## INTRODUCTION

1.

In response to paragraph 1, the United States denies the first sentence for lack of sufficient knowledge or information. The United States denies the second sentence.

2.[1]

In response to paragraph 2, to the extent that this paragraph contains legal conclusions, no response is required. To the extent paragraph 2 contains factual allegations that require a response, the United States denies the allegations.

3.[2]

In response to paragraph 3, the United States denies the allegations.

4.[3]

In response to paragraph 4, to the extent that this paragraph contains legal conclusions, no response is required. To the extent paragraph 4 contains factual allegations that require a response, the United States denies the allegations for lack of sufficient knowledge or information.

---

[1] In response to the footnotes of paragraph 2, to the extent that these footnotes contain legal conclusions, no response is required. To the extent the footnotes contain factual allegations that require a response, the United States denies the allegations for lack of sufficient knowledge or information.

[2] In response to the footnotes of paragraph 3, to the extent that these footnotes contain legal conclusions, no response is required. To the extent the footnotes contain factual allegations that require a response, the United States denies the allegations for lack of sufficient knowledge or information.

[3] In response to the footnotes of paragraph 4, to the extent that these footnotes contain legal conclusions, no response is required. To the extent the footnotes contain factual allegations that require a response, the United States denies the allegations for lack of sufficient knowledge or information.

**JURISDICTION AND VENUE**

5.

In response to paragraph 5, to the extent that this paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, no response is required. The United States admits that the events alleged in the Complaint occurred in the State of Oregon. The United States denies Plaintiff's residency for lack of sufficient knowledge or information.

6.

In response to paragraph 6, the United States denies for lack of sufficient knowledge or information.

7.

In response to paragraph 7, this paragraph is vague, and the United States denies it on that basis.

8.

In response to paragraph 8, the United States denies the allegations.

9.

In response to paragraph 9, the United States denies the allegations.

10.

In response to paragraph 10, to the extent that this paragraph contains legal conclusions, no response is required. To the extent paragraph 10 contains factual allegations that require a response, the United States admits the allegations.

## CLAIMS FOR RELIEF

11.

In response to paragraph 11, the United States denies the first sentence. With respect to the second sentence, the United States denies that Plaintiff is entitled to any relief from the United States in this case.

12.

In response to paragraph 12, the United States denies the first sentence. With respect to the second sentence, the United States denies that Plaintiff is entitled to any relief from the United States in this case.

## PRAYER

13.

In response to paragraph 13, this paragraph contains a prayer for relief, to which no response is required. To the extent a response is required, the United States denies that Plaintiff is entitled to any relief from the United States in this case.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Under the Supremacy Clause, the Fourth Amendment provides the substantive law of liability.

### Second Defense

The United States, through its federal agents, acted with due care and diligence at all times relevant to Plaintiff's Complaint.

Third Defense

Acts and omissions of the United States, through its federal agents, were legally privileged law enforcement actions.

Fourth Defense

Acts and omissions of the United States, through its federal agents, were justified under the defense of reasonable belief.

Fifth Defense

Acts and omissions of the United States, through its federal agents, were justified as defense of property.

Sixth Defense

Acts and omissions of the United States, through its federal agents, were justified as defense of premises.

Seventh Defense

Plaintiff is not entitled to a jury trial.

Eighth Defense

Plaintiff's damages, if any, are limited to the amount presented and claimed in his administrative tort claim.

Ninth Defense

Plaintiff's recovery is limited in scope to the basis of liability and injuries alleged in Plaintiff's administrative tort claim.

Tenth Defense

No act or omission on the part of Defendant was the cause in fact of Plaintiff's injuries.

Eleventh Defense

No act or omission on the part of Defendant was the proximate cause of Plaintiff's injuries.

Twelfth Defense

If any liability is attributed to the United States, it is limited to the United States' proportionate share of fault.

Thirteenth Defense

The damages alleged are excessive and/or speculative.

Fourteenth Defense

Plaintiff's damages, if any, must be reduced to the extent that he failed to mitigate his damages.

Fifteenth Defense

Plaintiff's damages must be reduced to the extent that any of his claimed injuries either preexisted or arose subsequent to the events he alleges.

//

//

//

//

//

Sixteenth Defense

To the extent that any damages are awarded to Plaintiff, the damages must be reduced by any amount(s) by which Plaintiff has been, or will be, wholly or partially indemnified or compensated for his alleged damages by any other fund, person, corporation, or insurance company, including but not limited to Medicaid and Medicare.

Seventeenth Defense

To the extent damages are awarded to Plaintiff, the United States is entitled to an offset for any benefits paid or to be paid to the Plaintiff by any agency of the United States.

Eighteenth Defense

Plaintiff is not entitled to any punitive damages.

Nineteenth Defense

Any claim for attorney's fees is limited by 28 U.S.C. § 2678.

Twentieth Defense

To the extent that any damages are awarded to Plaintiff, all future damages must be reduced to present value.

Twenty-First Defense

Plaintiff's damages, if any, are limited by the provisions of 28 U.S.C. § 2674, which precludes any pre-judgment interest, and may include post-judgment interest only as permitted by federal law.

Twenty-Second Defense

The United States may have additional affirmative defenses which are not yet known to the United States, but which may become known through future discovery. The United States reserves the right to assert additional affirmative defenses at a later date.

WHEREFORE, the United States of America prays for judgment as follows:

1. That Plaintiff takes nothing from the United States;

2. For costs of suit, as allowed by law; and

3. For such other relief as may be equitable and appropriate.

DATED this 13th day of July 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/Charles D. Agoos*
CHARLES D. AGOOS
Assistant United States Attorney
Attorneys for Defendant