**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**CHARLES D. AGOOS, NYSB #5227269**
Assistant United States Attorney
Charles.Agoos@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1039
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **DARYN HERZBERG,**<br><br>Plaintiff,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No.: 3:26-cv-00410-JR<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S CONFIDENTIALITY DESIGNATION** |

Defendant United States of America ("United States") by undersigned counsel opposes Plaintiff's Objections to Defendant's Confidentiality Designation, ECF No. 14, and respectfully requests that the Court deny this objection.

**ARGUMENT**

Federal Rule of Civil Procedure 26(c)(1) provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." During discovery, courts evaluate good cause under a pleading standard analogous to Federal Rule of Civil Procedure 8;

sworn evidence is not required. *In re Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011). In addition, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984). Here, good cause exists for the personally identifying information of individual federal officers to remain confidential under the protective order.

First, the attached declarations describe examples of threats and harassment that have been found sufficient to support sealing personally identifying information of federal officers under the heightened compelling reasons standard. Agoos Decl. ¶¶ 2-3; *Oregon v. Trump*, No. 3:25-cv-01756-IM, ECF 190 at 3-5. A cursory review of news reports over the past several months uncovers dozens of examples where federal immigration officers have been illegally targeted at home, at work, and online.

Second, the balance of equities favors confidentiality. In terms of individual privacy interests, Plaintiff's motion and declaration repeatedly assert an intent to "crowdsource" information related to the individual federal officers that have been identified during discovery. Lifting the protective order under these circumstances would result in a certainty that these officers would be "doxxed." In terms of efficiency interests, paragraph 7(d) of the Protective Order appears to permit the use of private investigators so long as confidentiality is maintained, and discovery would be seriously undermined and complicated without confidentiality. Finally, in terms of public interests, Plaintiff is seeking to publicize the names of individual federal immigration officers while discovery is still ongoing. *Cf. Perkins v. City of Modesto*,

No. 1:19-cv-00126-LJO-EPG, 2020 WL 4748273, at *4 (E.D. Cal. Aug. 17, 2020) (maintaining confidentiality designations after finding that "none of the [information at issue] involve[d] the use of force resulting in death or 'great bodily injury'").

The cases cited by Plaintiff are consistent with confidentiality under these circumstances. *See Boggs v. United States*, 143 Fed. Cl. 508 (2019) (federal agents were named plaintiffs); *AFGE v. OPM*, 827 F.Supp.3d 513 (S.D.N.Y. 2026) (decided under heightened First Amendment, rather than good cause, standard); *HRDC v. DHS*, No. C18-1141 TSZ, 2021 WL 1264003 (W.D. Wash. Apr.6, 2021) (names of federal officers were already publicly available on the underlying case docket report).

## CONCLUSION

For the foregoing reasons, this Court should overrule Plaintiff's objection to the confidentiality designation.

Dated this 13th day of November 2026.

Respectfully Submitted,

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/Charles D. Agoos*
CHARLES D. AGOOS
Assistant United States Attorney
Attorneys for Defendant